**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHAWN BROWN<br>P.O. Box 776<br>Havertown, PA 19083<br><br>Plaintiff,<br><br>v.<br><br>RESOURCES FOR HUMAN DEVELOPMENT, INC. d/b/a RHD<br>4700 Wissahickon Avenue, Suite 126<br>Philadelphia, PA 19144<br><br>Defendant. | : | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Shawn Brown, (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Resources For Human Development, Inc. d/b/a RHD ("Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO")[1]. Plaintiff asserts, *inter alia*, that he experienced unlawful

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. He is required to wait one full year before initiating a lawsuit from date of dual filing with the EEOC. Plaintiff must, however, file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA and PFPO claims will identically mirror his claims under the ADA.

workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult, with an address as set forth in the caption.

9. Defendant is a Philadelphia, PA based non-profit organization specializing in behavioral healthcare services for those with developmental or mental disabilities head quartered at the above-captioned address.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. In or about February 2023, Defendant hired as a Program Manager / Residential Manager.

13. In this role, Plaintiff was responsible for overseeing multiple group home environments, including Defendant's locations referred to as "Beechwood," "Spring," and "Ardmore."

14. These locations were each within a 10 minute drive from Plaintiff's home at the above-captioned address.

15. At each of Defendant's locations, Plaintiff had regular contact with Defendant's clients who suffered from behavioral and/or mental disabilities.

16. His essential job duties were not labor intensive as they were primarily supervisory pertaining to location oversight.

17. At all relevant times, Plaintiff was directly supervised by Assistant Regional Director, Alicia Alexander ("Alexander") and indirectly supervised by Regional Director, Amira Thomas ("Thomas").

18. During the course of his employment with Defendant, Plaintiff was a hard-working employee who performed his job well and was not subject to any form of performance based corrective discipline in the last year of his employment.

19. Plaintiff has and continues to suffer from disabilities, including but not limited to anxiety, depression, panic disorder, and complications related to his thyroid gland, which limit his ability (at times) to focus, concentrate, think, and/or work.

20. Despite his disabilities, Plaintiff was still able to perform the essential job duties of his position, although he did require reasonable accommodations at times.

21. On or about May 8, 2025, Plaintiff was attacked by a client who bit him, resulting in Plaintiff falling and injuring his right shoulder.

22. Subsequently, Plaintiff advised Defendant's management of being bitten by the client, injuring his right shoulder, and experiencing lingering pain in his right shoulder as he continued to work.

23. Plaintiff also advised Defendant's management that he was experiencing flareups with his anxiety and depression while trying to continue to work, and that he was seeking professional help from a therapist to address his mental health concerns.

24. In order to treat his mental health disabilities and right shoulder injury, Plaintiff requested the ability to take time off from work to attend mental health therapy appointments and doctor appointments, a reasonable accommodation under the ADA.

25. Rather than properly notify Plaintiff of his rights under the FMLA, or engage in the interactive process as mandated by the ADA, Defendant's management informed Plaintiff it was unable to accommodate his reasonable request and that he could not take off from work due to Defendant allegedly being short staffed and upcoming regulatory inspection, as discussed further *infra*.

26. Defendant's management was effectively denying and deterring Plaintiff from exercising his rights under the ADA and FMLA.

27. In or about February/March 2026, and as Plaintiff's mental health flareups were occurring more frequently and his right shoulder continued to cause him trouble, Plaintiff advised Alexander that his disabilities were affecting his ability to perform his job duties and again requested a reasonable accommodation.

28. Specifically, Plaintiff requested taking a month long leave of absence pursuant the FMLA to treat his disabilities.

29. Alexander flat out denied Plaintiff's request and told him that was "too long" a leave of absence.

30. In response, Plaintiff requested the ability to take a two week leave of absence, an incredibly reasonable accommodation request.

31. Again, Alexander denied it and told him that due to Defendant being short staffed with an upcoming regulatory inspection, he was only permitted to take a one week leave of absence.

32. Based on Alexander's hostile attitude towards Plaintiff for requesting the leave of absence, and concerned he would be disciplined or terminated if he demanded a longer leave of absence, Plaintiff begrudgingly agreed to only take a one week leave of absence.

33. At no time, despite Plaintiff requesting the same multiple times, did Defendant's management every properly notify Plaintiff of his FMLA rights or provide him with FMLA paperwork.

34. From on or about March 29, 2026 through April 5, 2026, Plaintiff took his leave of absence from work.

35. On or about April 6, 2026, Plaintiff returned to work at Defendant.

36. Following his return to work, and still experiencing flareups from his mental disabilities and pain in his right shoulder, Plaintiff asked Alexander if he could have a few more days off work.

37. Alexander denied Plaintiff's request and expressed frustration and hostility towards Plaintiff for making the reasonable accommodation request.

38. Tellingly, since returning to work, Alexander treated Plaintiff in a rude and hostile manner compared to how he was treated before taking a leave of absence.

39. Plaintiff noticed that Alexander was treating him more harshly that other employees who did not have disabilities or had requested time away from work.

40. On or about April 16, 2026, and a little more than a week after returning from his leave of absence, Alexander abruptly demoted Plaintiff to the role of Direct Support Professional.

41. In this position, Plaintiff was no longer in a supervisory or oversight role, but would be in a much more labor-intensive role handling the clients directly.

42. Along with this demotion, Plaintiff's pay and available hours to work were significantly decreased, and he was required to travel to a different Defendant location much further away from his home than "Beechwood," "Spring," and "Ardmore."

43. Plaintiff questioned Alexander as to why he was being demoted, but rather than properly address his inquiries, Alexander simply ignored him and told him he had until April 20, 2026 to accept the demotion or "leave the company."

44. Plaintiff never intended to end his employment with Defendant, whom he worked for the last couple of years, but knew with his disabilities, Defendant's repeated failure to accommodate his disabilities, and the significant financial burden he would endure with lower pay, lower hours, and longer travel times, that he could not continue working with Defendant.

45. As a result, on or about April 20, 2026, Plaintiff was constructively discharged by Defendant after he notified Defendant's management in writing that the conditions presented to him were intolerable.

46. In a text message to Alexander, Plaintiff wrote:

> "Hey Alicia, I've thought carefully about the demotion, and the substantially lower pay, combined with a two-hour round-trip commute and my health needs, makes the position unsustainable for me. I will be resigning instead of pursuing FMLA. Please let me know if you're able to provide a neutral reference while I search for local employment."

47. Later that day, Defendant's Human Resources Representative Steven Milteer confirmed in writing that Plaintiff was no longer employed by Defendant.

48. Even though Plaintiff attempted to continue working in his role with minimal interruptions to Defendant's business by taking an incredibly reasonable leave of absence, and with

Defendant admittedly being short staffed with a lot of turnover, Defendant systematically forced Plaintiff to resign by demoting his employment, lowering his pay, reducing his hours, and making him travel significantly longer to Defendant's location in Norristown, PA.

49. Defendant's actions therefore leading to Plaintiff's constructive discharge are evidence of discrimination considering: (1) the timing of Plaintiff's separation approximately two weeks after utilizing FMLA-qualifying leave; (2) Defendant never provided Plaintiff with proper FMLA documentation; (3) Defendant actively deterred and denied Plaintiff from taking a leave of absence without properly engaging in the interactive process; and (4) the disparate treatment Alexander displayed towards Plaintiff only after he advised him of his disabilities and utilized reasonable accommodations.

50. For these reasons, Plaintiff avers that he was constructively discharged because of his use of FMLA-qualifying leave, his need for accommodations, his actual and/or perceived disabilities, and his complaints regarding discriminatory treatment.

## COUNT I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
## ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, such as focusing, thinking, or working.

53. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

54. Plaintiff requested reasonable accommodations from Defendant, including but not limited to a leave of absence to attend necessary mental health and doctor appointments.

55. At times, Defendant's management criticized Plaintiff from utilizing his protected medical leave in such a manner that it would deter any reasonable person from requesting any future accommodations.

56. Plaintiff advised Defendant's management that he would need to miss time from work for treatment to his disabilities.

57. After utilizing said reasonable accommodations and returning to work, Plaintiff was treated with hostility by Defendant's management before being abruptly demoted on or about April 16, 2026 and purposefully given intolerable working conditions.

58. Plaintiff believes and therefore avers that his disabilities were a motivating and/or determinative factor in Defendant's decision to constructively discharge his employment.

59. Plaintiff also believes and avers that he was constructively discharged in retaliation for engaging in protected activity under the ADA, and that Defendant failed to accommodate his reasonable accommodation requests.

60. Defendant's actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. After completing one year of employment with Defendant, Plaintiff became an eligible employee under the FMLA and Defendant was an employer subject to the FMLA.

63. Plaintiff suffered from serious health conditions within the meaning of the FMLA.

64. As a result of Plaintiff's aforesaid serious health conditions, Plaintiff required a brief medical leave of absence to treat for and manage his conditions.

65. Plaintiff kept Defendant informed of his serious health conditions and need for medical leave.

66. Plaintiff attempted to exercise his rights under the FMLA by requesting and/or utilizing medical leave, but was denied the same without justification.

67. Plaintiff was subjected to hostility and animosity by Defendant's management as a result of his subsequent use of FMLA-qualifying leave through discouragement and derogatory comments.

68. Plaintiff was then abruptly demoted on or about April 16, 2026 for completely pretextual reasons.

69. Defendant committed interference and retaliation violations of the FMLA by *inter alia*: (1) constructively discharging Plaintiff for requesting and/or exercising his FMLA rights; (2) taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA (such as denying him FMLA and subjecting him to discriminatory and derogatory comments about his need to leave work early for his serious health condition); and/or (3) considering Plaintiff's FMLA leave needs in making the decision to demote and constructively discharge him.

70. Defendant's actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enters an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ____________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 26, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Shawn Brown | : | CIVIL ACTION |
| v. | : | |
| Resources For Human Development, Inc. d/b/a RHD | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/26/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

BROWN, SHAWN

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

RESOURCES FOR HUMAN DEVELOPMENT, INC. D/B/A RHD

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 10/26/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______